**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINDY L. MONROE,**

                              **Plaintiff,**

    vs.                                      **3:14-cv-01035
(MAD/ATB)**

**CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,**

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**COUGHLIN, GERHART LAW FIRM**        **SCOT G. MILLER, ESQ.**
Binghamton Office
P.O. Box 2039
Binghamton, New York 13902-2039
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **PETER W. JEWETT, ESQ.**
Office of Regional General Counsel - Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB"). This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed. Magistrate Judge Baxter recommended that this Court affirm the Commissioner's decision denying Plaintiff's application for benefits and dismiss

the complaint. *See* Dkt. No. 11. Currently before the Court are Plaintiff's objections to the Report-Recommendation. *See* Dkt. No. 12.

## II. BACKGROUND

Plaintiff protectively applied for DIB on November 22, 2011, alleging a disability onset date of December 31, 1999. *See* Dkt. No. 8, Administrative Transcript ("T."), at 10, 104-12. The application was initially denied on February 14, 2012. T. at 51-54. Plaintiff requested a hearing, which was held on February 19, 2013 before Administrative Law Judge ("ALJ") Elizabeth W. Koennecke. T. at 27-45. On April 9, 2013, the ALJ issued a decision finding that, despite suffering from bipolar disorder, Plaintiff was not disabled because her residual functional capacity ("RFC") allowed her "to perform a full range of work at all exertional levels." T. at 7-26. Request for review by the Appeals Council was timely filed and, on June 24, 2014, the request was denied, rendering the ALJ's decision the Commissioner's final decision. T. at 1.

## III. DISCUSSION

Magistrate Judge Baxter found that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence. *See* Dkt. No. 11. Specifically, Magistrate Judge Baxter concluded that the ALJ correctly gave little weight to Dr. Wolkoff's, Plaintiff's treating psychiatrist, mental RFC assessment because the report contained internal inconsistencies and was in conflict with the contemporaneous treatment notes from Plaintiff's visits. *See id.* at 11-12. Dr. Wolkoff's conclusions in the RFC evaluation "were inconsistent with plaintiff's range of activities of daily living as reflected in his treatment notes" and in Plaintiff's own testimony. *Id.* at 13. In light of receiving medical evidence from only one treating physician, Magistrate Judge Baxter found that the ALJ acted appropriately in holding the administrative record open for two

weeks to allow Plaintiff an opportunity to submit any necessary additional evidence. *Id.* at 14.
Lastly, Magistrate Judge Baxter concluded that, while the ALJ's final conclusion as to Dr.
Wolkoff's RFC evaluation mistakenly referenced a state agency consultant's report, such a purely
clerical error was not prejudicial to Plaintiff and did not require reversal of the ALJ's decision. *Id.*
at 15-16.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part
of a Magistrate Judge's Report-Recommendation to which a party specifically objects. Failure to
timely object to any portion of a Magistrate Judge's Report-Recommendation operates as a waiver
of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993)
(citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent
. . . that [a] party makes only conclusory or general arguments, or simply reiterates the original
arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08
Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing *Ortiz v. Barkley*, 558 F. Supp.
2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and
recommendation for clear error where objections are merely perfunctory responses, argued in an
attempt to engage the district court in a rehashing of the same arguments set forth in the original
petition")) (other citation omitted).

Here, Plainiff's objections to the Report-Recommendation generally repeat the same
arguments raised in her initial brief. *Compare* Dkt. No. 12 at 2, 5, *with* Dkt. No. 9 at 15, 17.
First, Plaintiff objects to Magistrate Judge Baxter's findings that the ALJ relied upon competent
medical evidence to determine Plaintiff's RFC and that the ALJ did not supplant her own
inferences to override the only available medical testimony. *See* Dkt. No. 12 at 2. Specifically,
Plaintiff's objection asserts that "the ALJ improperly concocted her own medical opinion in

3

determining the RFC in this case." *Id.* Similarly, Plaintiff's initial brief argued that the ALJ "improperly assumed the role of a medical expert when discounting the opinion of the plaintiff's treating psychiatrist." Dkt. No. 9 at 15. Plaintiff's second objection states that "the ALJ failed to develop the record by declining to contact the plaintiff's treating physician for clarification before according his opinion little weight." Dkt. No. 12 at 5. This objection is likewise a repetition of an argument raised in Plaintiff's brief where she stated that, "[i]f the ALJ had questions concerning the plaintiff's activities, she should have fully developed the record by contacting Dr. Wolkoff to provide any necessary clarification." Dkt. No. 9 at 16. Thus, Magistrate Judge Baxter has already considered the arguments raised in Plaintiff's objections, *see* Dkt. No. 11 at 16, 17, and the Court reviews the entire Report-Recommendation for clear error, *see Watson*, 2010 WL 1645060, at *1.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153

(S.D.N.Y. 1992) (citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

Upon review of the Report-Recommendation, the parties' submissions, and the applicable law, the Court agrees with Magistrate Judge Baxter's recommendations in their entirety. First, Magistrate Judge Baxter correctly concluded that the ALJ's decision to grant little weight to Dr. Wolkoff's RFC assessment was supported by substantial evidence. Contrary to Plaintiff's assertions, the ALJ carefully analyzed Dr. Wolkoff's treatment notes and highlighted the numerous inconsistencies, which amounted to one-and-a-half pages of the ALJ's decision, between those treatment notes and the RFC assessment. *See* T. at 17-20; Dkt. No. 11 at 11-14. Further, the ALJ cited Dr. Wolkoff's long history with the Plaintiff and, rather than relying on her own "concocted" medical opinion, the ALJ's decision specifically referenced the treatment notes and Plaintiff's testimony that supported her decision to grant little weight to Dr. Wolkoff's RFC assessment. *See* T. at 19.

Second, Magistrate Judge Baxter correctly concluded that the ALJ did not err in failing to affirmatively seek further information from the treating physician. The Report-Recommendation notes that the ALJ "held the administrative record open for two weeks to allow plaintiff an opportunity to submit . . . additional evidence." Dkt. No. 11 at 14. Contrary to Plaintiff's assertions, the ALJ appropriately relied upon the extensive record of contemporaneous treatment notes provided by Dr. Wolkoff and Plainitff's own testimony in making the RFC determination. This was not a case where the ALJ was required to affirmatively seek further clarification of

5

Plaintiff's medical history to subsidize significant gaps in treatment history or other inadequate medical evidence, *see Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999); *Lewis v. Colvin*, No. 13-CV-1072S, 2014 WL 6609637, *6 (W.D.N.Y. Nov. 20, 2014), because Dr. Wolkoff's notes provided an adequate representation of Plaintiff's medical history during the relevant time period.

Third, the Court agrees with Magistrate Judge Baxter's conclusion that the ALJ's RFC determination was supported by substantial evidence. After finding that the ALJ afforded the proper weight to Dr. Wolkoff's RFC analysis, the reliance on his treatment notes provided sufficient medical evidence to support the ALJ's RFC determination. As the Report-Recommendation noted, "Dr. Wolkoff's treatment notes not only include a description of plaintiff's symptoms, but also describe regular mental status examinations that offer a contemporaneous medical assessment of plaintiff's mood, energy, affect, and other characteristics relevant to her ability to perform substantial gainful activity." Dkt. No. 11 at 17-18. The ALJ's decision cited these numerous treatment notes as well as Plaintiff's testimony about her daily activities and social functioning. *See* T. at 18-21. Accordingly, Magistrate Judge Baxter correctly concluded that the ALJ's RFC determination was supported by substantial evidence.

Lastly, the Court agrees with Magistrate Judge Baxter's finding that the ALJ's citation to the opinion of a state agency psychological consultant, although a technical error, had no impact on the ALJ's final determination. *See* Dkt. No. 11 at 15. The reference to this report in one line of the ALJ's decision, contrasted with the numerous pages of supporting evidence from Dr. Wolkoff's treatment notes, indicates that the passing reference to the psychological consultation report was of no legal consequence to the ALJ's final decision. *See id.*; *see also Zabala v. Astrue*, 595 F.3d 402, 410 n.4 (2d Cir. 2010) (noting that error is harmless where the application of correct legal principles would result in the same ultimate determination).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above stated reasons and those contained in Magistrate Judge Baxter's Report-Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 10, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge